## AARON BAIRD *et al. versus* ELBRIDGE G. WILLIAMS.
## CHARLES RANDALL *versus* The SAME.

Where a note was made without the knowledge of the payee, who was liable as a surety for the maker for a debt due but not paid, against which liability the maker had promised to secure the payee, and the maker caused his own property to be attached for the purpose of securing payment of the note, it was *held*, that the note did not constitute a debt "justly due" to the payee, within the meaning of Revised Stat. *c.* 90, § 83 *et seq.*, until assented to by him, and that therefore the attachment might be vacated under that statute, on the petition of a creditor of the maker who attached the same property subsequently but before such assent was given.

But where the plaintiff was the holder of a note payable on demand, which the debtor promised originally to secure, and without the plaintiff's knowledge the debtor caused his own property to be attached for the purpose of securing the payment of the debt, it was *held*, that subsequently attaching creditors could not, under that statute, object to the validity of the prior attachment, on the ground, that the action was not commenced by the order of the plaintiff, and that his assent was not given to it till after the subsequent attachment had been made.

In both of these actions, Bayley, Poor & Richardson, as subsequently attaching creditors of the defendant, intervened, by petition, under the statute, for the purpose of contesting the validity of the attachments made by the respective plaintiffs.

In the first action it appeared, by an agreed statement of facts, that the defendant, as principal, and the plaintiffs, Baird and Joseph Lamb, as sureties, executed a note for the sum of $ 500, payable to the Fitchburg Bank, the defendant stipulating with Lamb, that in case he, the defendant, should meet with difficulty in his business, or be pressed by his creditors, he would secure Lamb against his liability thereon ; but that no agreement was made as to the mode in which this should be effected ; that on the 15th of December, 1836, when such note was payable, the defendant, being pressed by his creditors, went to Worcester for the purpose of securing the plaintiffs, and there made a note for the sum of $ 500, payable to them on demand, and caused his own property to be attached in order to secure its payment ; that the plaintiffs had no knowledge of the mode adopted by the defendant to secure them, until after the same property had been attached by Bayley, Poor & Richardson, but upon being made acquainted with what had been done, approved thereof ; and that on the 16th of December, 1836, an action was brought against them on the note

Baird
*v.*
Williams.

given to the Fitchburg Bank, which note was suosequenuy paid by them.

In the second action, it was agreed that the defendant, having given a promissory note payable on demand, to the plaintiff, on the 15th of December, 1836, procured this action to be brought thereon, by virtue of which certain property belonging to the defendant, was attached ; that the plaintiff had no knowledge of the commencement of the action, until after the same property had been attached by Bayley, Poor & Richardson ; that the defendant, at the time when the note was made, promised the plaintiff, that in case of his meeting with difficulty in his affairs, he would secure him ; but that the mode in which this should be effected was not specified or agreed upon.

*Oct 7th.*

*Brooks,* for the plaintiff, cited *Cushing* v. *Gore,* 15 Mass. R. 69 ; *St.* 1823, *c.* 142 ; *Carter* v. *Gregory,* 8 Pick. 165 ; *Ward* v. *Lamson,* 6 Pick. 358 ; *Little* v. *Little,* 13 Pick. 426.

*Washburn* and *Perry,* for the subsequently attaching creditors, cited to the point, that the plaintiffs could not acquire any interest in the property in question by means of an attachment made without their knowledge, *Harrison* v. *Phillips Academy,* 12 Mass. R. 461 ; that there was not a sufficient consideration for the note given by the defendant to the plaintiffs in the first action, *Hoyt* v. *Wilkinson,* 10 Pick. 34 ; *Little* v. *Little,* 13 Pick. 426 ; and that in the second action, the subsequently attaching creditors might set up as a defence, that the plaintiff had no knowledge of the commencement of such action until after the subsequent attachment had been made, *Carter* v. *Gregory,* 8 Pick. 165 ; *St.* 1823, *c.* 142 ; *St.* 1832, *c.* 159 ; *Adams* v. *Paige,* 7 Pick. 549 ; *Fairfield* v. *Baldwin,* 12 Pick. 398.

*Oct 9th.*

SHAW C. J. delivered the opinion of the Court. These two cases have been considered conveniently together, there being some points of resemblance, and some of difference, between them. In both cases, subsequent attaching creditors come in, to contest the validity of the plaintiffs' attachments, under the statute. This proceeding is now regulated by the Revised Statutes, *c.* 90, § 83, *et seq.* It provides, that any person claiming title or interest in the attached property, may be

allowed to dispute the validity and effect of the prior attach-
ment, on the ground, that the sum demanded in the first suit
was not justly due, or that it was not payable, when the action
was commenced. The mode of doing this, is pointed out ; it
is not by being permitted to defend the suit on the trial, as un-
der a former statute, but by intervening by petition, on which
the matter is directly tried, as between the attaching creditor
and the party intervening. This is to some extent a separate
and distinct proceeding ; but it is still deemed to be a pro-
ceeding in the cause in which the disputed attachment is made,
and follows it when transferred to another court by appeal. By
§ 86, it is enacted, that if, on trial, upon the petition, between
the plaintiff and the subsequent attaching creditor, it shall ap-
pear, that the sum demanded in the suit, is not justly due, or was
not payable, when the action was commenced, the court shall
order the attachment therein made to be dissolved, in whole or
in part, but the order shall have no other effect on the suit. A
subsequent section excludes defences founded on the statutes
of limitations, frauds, usury, and the like technical grounds.

It is very manifest, from the most superficial examination of
these provisions, and a comparison with the former laws on the
subject, that the whole system, in regard to the intervention of
subsequent attaching creditors and other incumbrancers, to de-
feat an attachment, is changed, both in principle and in the form
of proceeding.

Under the old system, the subsequent attaching creditor was
permitted to come in and defend the suit, on a trial in the ordi-
nary course, between the plaintiff and defendant. Difficul-
ties and even legal absurdities seemed implied in this mode of
proceeding. It either took the defence out of the hands of
the party, or involved the absurdity of making two distinct
defences, perhaps upon very distinct grounds. It either de-
prived the defendant of the benefit of many grounds of defence,
which he ought to enjoy if the defence is an honest one ; or,
what is quite as likely to happen, the plaintiff might be deprived
of the benefit of giving in evidence the acts and admissions of
the defendant, from which he may be excluded, on the sus-
picion that the suit and the attachment are collusive, but of

which, by the rules of law, he ought to have the benefit, if the suit is an honest one, and the attachment not collusive.

This course is now entirely changed, and most beneficially for all parties, by the Revised Statutes, and each party is put in a situation to assert his own rights, by his own means, without injuriously interfering with the rights of others, and in a mode which shall not be opposed to the rules of law, and the theory upon which the rules of evidence are founded. The right is limited to the power of showing, that the debt did not exist or was not due when the attachment was made, excluding mere technical objections to the debt ; and in the mode of doing so, the intervening creditor will have the benefit of all the evidence he can produce, using the defendant in the original suit as a witness, and with the right of interrogating the plaintiff himself, to a certain extent. And so, as to the effect of the adjudication, it is only to defeat the attachment, in whole or *pro tanto*, by a direct judgment to that effect, without affecting the progress or the result of the principal suit, as between the parties. And another consequence obviously is, that if a subsequent attaching creditor has any other ground to contest the attachment of a prior creditor, and insists on his own lien by the attachment as entitled to preference over that of such prior attaching creditor, he is left to the same remedies as before the statute. These he may pursue by proper notices, and indemnities to the officer, or by any other means which the general law affords him.

It then becomes necessary to apply these principles to the present cases, and to distinguish them. In the suit of *Baird et al.* v. *Williams*, it appears, that the defendant himself made out and signed a note, without the knowledge of the plaintiffs, and caused an attachment to be made thereon, and that this was subsequently assented to, and ratified by the plaintiffs, but not until after the attachment had been made by the subsequent attaching creditors. The Court are all of opinion, that this note, thus given, did not constitute a debt due to the plaintiffs, at the time of the attachment, for several reasons. The consideration was a note signed by the plaintiffs as sureties, which was then payable. That an existing liability is a good consideration for an express promise, when the promisee assumes the

liability and agrees to pay the debt, is well settled, by the authority of the cited cases, and such undertaking to convert an outstanding liability of a surety into an undertaking to pay when the principal is insolvent or embarrassed, may be presumed from circumstances. But the objection goes further back ; this note did not constitute an express promise until assented to by the creditor, which, in the present case, was not done till after the subsequent attachment. Nor could any presumption be made, that the sureties undertook to accept the new note, and thus convert their liability into a good consideration, until they knew of the facts. *Harrison* v. *Phillips Academy*, 12 Mass. R. 461. The argument that the debtor might be regarded as the agent of the creditor, to take security from himself, is attended with infinite difficulties ; but it is hardly necessary to consider them, because there is not sufficient evidence of the fact, or of any such intent. The only intimation on the part of the defendant was, that in case of insolvency or embarrassment, he would secure them, not that he was to take security for them.

If it be urged, that the subsequent assent of the creditors relates back to the making of the note, and makes the transaction valid *ab initio*, the plaintiffs are met by the well known rule, that this principle of relation, equitable in itself as between the parties, is not to be so construed as overreaching mesne liens, and rights accrued to others before the consent and ratification. The Court are of opinion, that this debt was not due at the time of the commencement of the suit ; and it is ordered and adjudged, that the attachment, so far as it was made to secure this debt, be, and the same is hereby vacated.

In the case of *Randall* v. *Williams*, it appears to the Court, that the plaintiff's debt was due and payable, and had been so for some time previous to the commencement of the suit. The matter relied on by the subsequently attaching creditor is, that the suit was commenced by the order and direction of the debtor and not of the creditor, and that the assent of the creditor was not given to it till after their attachment. But whether this was an irregularity or not, affecting the priority of attachment, is a question which the after-attaching creditors have no

Baird
*v.*
Williams.

right to make in this form of proceeding. It does not show that the debt was not justly due and owing, or that it was not then payable ; and, therefore, they show no sufficient ground for vacating the attachment, on petition, by force of this statute.

*Petition dismissed.*