JOSEPH R. WEBSTER, ADMINISTRATOR, V. CITY OF HASTINGS.

FILED OCTOBER 5, 1898.    No. 9901.

**Right of Administrator of Party to Prosecute Error.** Where a party dies after judgment has been rendered against him, the administrator of his estate may prosecute error without procuring an order reviving the action in his name.

ERROR from the district court of Kearney county. Tried below before BEALL, J. Heard on motion of defendant to quash the summons in error. *Motion overruled.*

*L. J. Capps* and *Tibbets Bros., Morey & Ferris,* for the motion.

*Joseph R. Webster, Halleck F. Rose, J. L. McPheely, B. F. Smith,* and *Ed L. Adams, contra.*

SULLIVAN, J.

In an action grounded on negligence, brought by Jefferson H. Foxworthy against the city of Hastings, the defendant had judgment in its favor in the district court of Kearney county on May 20, 1897. In the following October, Foxworthy died intestate and Joseph R. Webster, the plaintiff in error, was appointed and has qualified as administrator of his estate. These facts are shown by the petition in error filed by Webster in this court on February 17, 1898. The defendant moves to quash the summons in error on the ground that the administrator cannot prosecute error in this court without having first obtained an order of the district court reviving the action in his name. It will be conceded that the adminis-

trator could take no steps in the original action in the district court without being made a party thereto in the manner provided by the statute; but at the time he entered upon the execution of his trust the cause had passed to judgment; the action in the lower court was ended. The filing of the petition in error and the issuance and service of the summons to which this motion is addressed were the commencement of a new action, having for its object the reversal of a judgment which the administrator claims illegally obstructs him in the collection of money due to him in his representative capacity from the defendant in error. The proceedings in this court are quite analogous to those in ordinary actions. The plaintiff in error is required, within the time limited by the statute, to file a petition showing his right to the relief demanded. He must bring his adversary into court in the usual way and affirmatively establish the material averments of his pleading.

The courts in other jurisdictions have generally regarded the writ of error as a new action. An Illinois statute requiring the dismissal of every suit at law or in equity whenever commenced by a non-resident without filing security for costs was held applicable to writs of error. Craig, J., delivering the opinion of the court in *International Bank v. Jenkins*, 104 Ill. 143, said: "This question, that the writ of error was the commencement of a new action at law or in equity within the intent and meaning of the statute, we think is fully settled by the former decisions of this court, and we are fully satisfied that these decisions are in harmony with the current of authority on the question." The supreme court of Ohio reached the same conclusion in the case of *Taylor v. Boyd*, 3 O. 338, remarking in the course of the opinion that, "In the obvious nature and character of the proceeding, a writ of error is a new and original suit." The precise question presented for decision in this case was before the supreme court of West Virginia in *Phares v. Saunders*, 18 W. Va. 336, where it is said: "It is true, that it is

a general rule, that no person can bring a writ of error who is not a party or privy to the record; but the right to bring the writ of error in case of the death of the party against whom the judgment was rendered will be in the personal representative without a revival of the judg-ment, because the personal representative stands in the shoes of the deceased and has the same rights as his intestate had with reference to the judgment." Other authorities to the same effect are: *Dale v. Roosevelt*, 8 Cow. [N. Y.] 333; *Hill v. Hill*, 6 Ala. 168, 1 Archbold, Criminal Practice, 209. There is no ground for quashing the summons in error and the

MOTION IS DENIED.

RAGAN, C., not sitting.