Statement.

# Richmond.

## Southern Railway Company v. Willcox and DeJarnette.

### March 22, 1900.

1. PLEADING—*Contracts—Consideration—How Defendant's Promise to be Charged.*—Every simple promise or agreement, to be enforceable, must have a consideration to support it, and, when declared on, the promise or undertaking of the defendant must be charged positively and not by way of recital. The absence of such a charge is fatal to the declaration, and is not cured by verdict.

2. PLEADING—*Contract—Consideration—Mutual Promises—How Charged—Section 3246 Code.*—If the consideration for the defendant's contract consist of any *agreement* on the part of the plaintiff, it must appear from the declaration that such agreement was binding on the plaintiff at the time the defendant's promise was made, else the defendant's promise is without consideration, and the declaration consequently bad. Section 3246 of the Code has no application to a case like this.

3. PLEADING—*Defects of Form—Demurrer—Section 3246 Code.*—Where there has been a *demurrer* to any pleading and the same has been overruled, section 3246 of the Code cures no defect, imperfection, or omission therein, except such as could not have been regarded on demurrer.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk, rendered March 27, 1899, in an action of *assumpsit*, wherein the defendants in error were the plaintiffs, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*W. L. Williams,* for the plaintiff in error.

*Walke & Old,* for the defendants in error.

Cardwell, J., delivered the opinion of the court.

The defendants in error, F. E. Willcox and R. E. DeJarnette, brought an action of trespass on the case in *assumpsit*, and obtained a judgment against the plaintiff in error, the Southern Railway Company, in the Court of Law and Chancery of the city of Norfolk, for the sum of $1,747.87, with interest from October 10, 1898, on the ground that the plaintiff in error undertook, promised and agreed, with defendants in error, to transport and convey from Mt. Pleasant, Tenn., to Raleigh, N. C., 3,000 tons of phosphate rock at the rate of $3.37 per ton of 2,240 pounds, and thereafter charged and exacted freight thereon or a part thereof at the rate of $3.61 per ton of 2,000 pounds.

As is conceded, defendants in error could recover in this action, if at all, only on the special count in their declaration; therefore, the first question presented arises upon the demurrer to this special count. It is as follows:

" Frank E. Willcox and Robert E. DeJarnette, plaintiffs, complain of the Southern Railway Company, defendant, of a plea of trespass on the case in *assumpsit:*

" For this, to wit, that heretofore, to wit, on or about the 9th day of April, 1897, the said defendant undertook, promised, and agreed with the said plaintiffs to transport and convey from Mt. Pleasant, Tenn., to Raleigh, N. C., 3,000 tons of phosphate rock at the rate of $3.37 per ton of 2,240 pounds; but notwithstanding said undertaking, promise and agreement, the said defendant failed and refused to transport and convey the said phosphate rock as aforesaid, at the said rate of $3.37 per ton of 2,240 pounds, but on the contrary thereof, the said defendant charged and exacted freight on the same (except as to a small part thereof) at the rate of $3.61 per ton of 2,000 pounds, and

the said plaintiffs, who were compelled to have the said phosphate rock to carry out a contract made by them, were forced and obliged, in order to obtain possession of the same (except a small part thereof as aforesaid), to pay or cause to be paid the said illegal charge of $3.61 per ton of 2,000 pounds on the shipments of the said rock, against the protest made by or on behalf of the said plaintiffs against the illegal charge and exaction; and the said plaintiffs allege that the said defendant is indebted to them by reason of such illegal charge and exaction, and as the excess over the said charge agreed upon by the said defendant, in the sum of $1,747.87."

It is a fundamental principle of the law of contracts that every simple promise or agreement, in order to be enforceable, must have a consideration to support it, for, however strongly a man may be bound in conscience to fulfil his engagements, the law recognizes not their sanctity, nor supplies any means to compel their performance except when founded upon a sufficient consideration. 6 Am. & Eng. Enc. (2d ed.), 673, and authorities cited.

In *Moseley* v. *Jones*, 5 Munf. 23, the plaintiff brought an action of *assumpsit* against the defendant on a written agreement, alleging that by it the defendant promised to return to the plaintiff, on or before a certain date, fifty-five and a half barrels of corn, with interest; also to pay him a certain sum of money with interest, on or before a date named. There was a verdict for the plaintiff, and the defendant moved in arrest of judgment on the ground that the declaration was defective in not stating a sufficient consideration and promise; which motion being overruled, and judgment rendered according to the verdict, a writ of error was awarded by this court. The judgment of the lower court was reversed on the ground that there was no consideration averred in the declaration.

In *Sexton* v. *Holmes*, 3 Munf. 566, it was held that the plain-

tiff in *assumpsit* must charge the promise by the defendant positively, not by way of recital only; for, if the declaration be defective in this respect, it is a fatal error, and not cured by verdict.

The want of a statement of a consideration for a promise is a capital defect in a declaration, not to be supplied by intendment. *Foundry* v. *Harvey*, 23 N. H. 406.

When the consideration for the defendant's contract consists of any *agreement* on the part of the plaintiff, it must appear from the declaration that such agreement was binding on the plaintiff at the time the defendant's promise was made; for, if it should appear from the declaration that the obligation was all on one side, the defendant's engagement would be *nudum pactum,* and the declaration consequently bad. 1 Chitty on Pl. 301; *Sexton* v. *Holmes, supra; Moseley* v. *Jones, supra; Chicago & G. E. R. Co.* v. *Dare,* 43 N. Y. 240.

It will be observed that the declaration in the case at bar alleges no undertaking, promise or agreement upon the part of the plaintiffs (defendants in error), binding upon them at the time the defendant's promise, sued on, was made.

It is contended, however, for defendants in error, that, though under technical rules of pleading the declaration is defective, under section 3246 the defect cannot be taken advantage of. Section 3246 provides that no action shall abate for want of form where the declaration sets forth sufficient matter of substance for the court to proceed upon the merits of the case. It has no application to this case.

Where there has been a *demurrer* to any pleading, and the same has been overruled, the statute cures no defect, imperfection, or omission therein, except such as could not be regarded on demurrer. 4 Minor's Inst. 941.

Without passing upon any other question arising in this cause, we are of opinion that the court below erred in overruling the

demurrer to the declaration, and its judgment will be reversed, the demurrer sustained, the verdict of the jury set aside, and the cause remanded, with leave to defendants in error to amend their declaration, if they may be so advised.

*Reversed.*