# Richmond.

CITY OF CHARLOTTESVILLE v. STRATTON'S ADMINISTRATOR.

NOVEMBER 19, 1903.

Absent, Buchanan, J.*

1. JUDGMENTS—*Death of Plaintiff—Revival by Defendant.*—Upon the death of a judgment creditor, the judgment debtor has no authority to revive the judgment in the name of the personal representative of the judgment creditor.

2. APPEAL AND ERROR—*Death of Judgment Creditor—Right of Debtor to Appeal.*—Notwithstanding the death of a judgment creditor, the debtor may, under the practice in this State, have a writ of error without revival of the judgment. The proper practice is to set out the facts in the petition for the writ of error, showing who the representative of the creditor is, and when the writ is awarded the clerk of this court will issue process against such representative.

3. MUNICIPAL CORPORATIONS—*Defective Streets—Right to Use—Contributory Negligence—Case at Bar.*—Whether a traveller on a city street is guilty of contributory negligence in using a street known to be in a defective condition, but not so defective that reasonably prudent men would not differ as to the propriety of encountering the danger, is a question for the jury under proper instructions from the court, and where the evidence is conflicting as to the propriety of the use of the street, the verdict of the jury will not be disturbed. Viewing the case at bar as upon a demurrer to the evidence, the city street was defective, and the proper authorities of the city had been notified of its condition and requested to repair it and had failed to do so, and though the intestate knew of the defective condition of the street, yet he was a careful, prudent driver, his team was well broken, his wagon was in good condition and carefully loaded, and every reasonable precaution had been taken to pass over the defective street with safety. Nevertheless, in pass-

*Judge Buchanan was detained at home by sickness.

ing over the street, the front wheel of his wagon dropped into
a "chuck-hole," and he was thrown from his wagon and received
the injury complained of.    The evidence was conflicting as to
whether or not the street was in a dangerous condition at the
point where the accident occurred.    Under such circumstances this
court will not disturb a verdict and judgment against the city.

Error to a judgment of the Circuit Court of Albemarle
county, rendered June 10, 1902, in an action of trespass on the
case, wherein the intestate of the defendant in error was the
plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

*George Perkins,* for the plaintiff in error.

*John W. Fishburne* and *Edward O. McCue,* for the defend-
ant in error.

WHITTLE, J., delivered the opinion of the court.

Thomas H. Stratton, the intestate of the defendant in error,
recovered judgment against the plaintiff in error, the City of
Charlottesville, for personal injuries sustained by him as the re-
sult of an accident alleged to have been occasioned by a defect-
ive surface drain in the driveway of one of the streets of that
city.    Stratton died after the recovery of the judgment, and it
was revived in the name of his administrator at the instance of
the judgment debtor.    To that judgment a writ of error was
awarded.

It is insisted by the defendant in error that, by the provis-
ions of section 3577 of the Code of 1887, a judgment debtor has
no authority to revive a judgment in the name of the personal
representative of a deceased judgment creditor.    The court con-
curs in that construction of the statute, but not in the conclusion
sought to be deduced therefrom—that the revival of the judg-

ment having been illegal, the plaintiff in error has no right of appeal.

While the decisions on the question as to the necessity for a revival of a judgment, under the circumstances of this case, as a prerequisite to a right of appeal, are conflicting, such revival is not essential under the practice in this State.    Upon the death of a judgment creditor intestate, title to the judgment, by operation of law, devolves upon his administrator, and the judgment debtor may implead him with respect to it in the condition in which he finds it.

The contrary view would present the anomaly of a judgment debtor being deprived of a legal right, without fault on his part, by the nonaction of his adversary.    It would be only necessary to prevent an appeal for the administrator to await the expiration of twelve months from the date of the judgment, when the right of appeal is barred by the statute of limitations, and then revive the judgment and have an award of execution upon it. In other words, the right of appeal would be made to depend upon the revival of the judgment—a matter over which the judgment debtor has no control, and the object of which is not to invest the administrator with title to that asset, but merely to enable him to have execution upon the judgment in his representative capacity.    Without reviving the judgment, the administrator may bring an action of debt upon it, or subject the real estate of his debtor to the lien of it by suit in equity for that purpose.    It cannot be that a judgment thus enforceable for some purposes without being revived must be revived in order to be reviewed.    The correct practice in a case like the present is to set forth in the petition for a writ of error the death of the judgment creditor and the qualification of his administrator, and, upon the granting of a writ of error and supersedeas, the clerk of this court would issue process against such administrator.

It follows from these observations that the error complained

of is without prejudice to the defendant in error. See, on the subject of revival, *Phares* v. *Saunders' Adm'r*, 18 W. Va. 336; *Webster* v. *Hastings*, 56 Neb. 245, 76 N. W. 565; *New Orleans Ry. Co.* v. *Rollins*, 36 Mass. 384; *Anderson* v. *Anderson*, 20 Wend. 585.

Upon the merits the case presented by the record is as follows: Thomas H. Stratton, a wagoner, residing in the suburbs of Charlottesville, was employed by one Meeks, who lived on Grove street, in that city, to haul his household and kitchen furniture into the country. The only practicable approach to Meeks' house with a wagon was over Grove street and a cross-street to King street, and thence along the latter to the rear of the premises. At the intersection of Grove street with the cross-street there was a gutter or drain, about six feet in width and five inches in depth, paved with stones, but which, on account of the displacement of some of the paving stones, was at the time of the accident in a defective and unsafe condition. Stratton drove across this place in going to Meeks' residence, and knew that the drain was out of repair, but he also knew that it was in daily use by the travelling public. While there is a difference of opinion among the witnesses as to whether or not the crossing was dangerous, all agree that it was in defective condition; and the fact that the city knew of its condition, and that frequent demands had been made upon the authorities to repair it, is not controverted. Regarding the case as on a demurrer to the evidence, there is no escape from the conclusion that the city was guilty of actionable negligence. Indeed, the only ground of defence to the action is the alleged contributory negligence of the plaintiff.

In that aspect of the case, the evidence shows that Stratton was an experienced, prudent driver; that his team was well broken and gentle; that the wagon was in good condition, and had been carefully loaded; and that every reasonable precaution was taken by him to cross the drain in safety. Nevertheless one of the front wheels of the wagon dropped into a chuck hole,

some fifteen inches in depth, and Stratton was thrown out, falling on his head, which rendered him insensible, and the wheel passed over one of his feet, inflicting the injuries of which he complained.

This case is controlled by that class of cases of which the recent case of *Newport News & Old Point Railway & Electric Company* v. *Bradford,* 100 Va. 231, 40 S. E. 900, is a type. The general rule on the subject is well established—that where the evidence is conflicting, or the facts disputed, the questions of negligence and contributory negligence must be submitted to the jury upon proper instructions. In that case the court said: "It is not negligence *per se* for one to use a street crossing known to be dangerous unless the danger is so apparent that, in the exercise of ordinary care, a traveller ought not to attempt to use it. If reasonably prudent men differ as to the propriety of encountering the danger, then it is a question for the jury to determine, upon all the facts and circumstances of the case, whether the attempt to cross was an act of negligence or not." It was further declared that the fact that a street in a dangerous condition was used by others in the same manner and about the same time that it was used by the plaintiff, though not conclusive on a question of contributory negligence, is relevant evidence to be considered in connection with all the facts and circumstances of the case in determining the question of due care on the part of the plaintiff.

Applying the law of that case to the facts of this, the judgment of the Circuit Court is without error, and must be affirmed.

*Affirmed.*