# Richmond.

PENNSYLVANIA RAILROAD COMPANY AND ANOTHER v. SMITH.

March 14, 1907.

Absent, Cardwell, J.

1. PLEADING—*Misjoinder of Counts.*—Counts in tort and in contract cannot be united in the same declaration.
2. PLEADING—*Election of Remedies—Assumpsit—Averment of Conside-ration.*—Where the plaintiff is entitled to declare either in tort or upon contract, and elects to waive the tort and sue in assumpsit, he must conform to the rules applicable to that form of action, and in such case, except actions founded upon bills of exchange, negotiable notes, and other legal liabilities which import a consideration, the declaration must, in the absence of statute, allege both a promise and the consideration upon which it is founded. The averment of a consideration is absolutely essential. Now, however, in this state it is provided by statute that no averment of a consideration need be made in a declaration in assumpsit on a promise to pay money.
3. ASSUMPSIT—*Averment of Consideration—Bill of Lading.*—The averment in a declaration against a common carrier, that the defendant, in consideration of the delivery to it of certain goods, issued its bill of lading, by which it "undertook, promised, and agreed" to carry the goods to their destination is not such an averment of consideration as is necessary in assumpsit, and renders the count one in tort and not in assumpsit. The averment of consideration must be direct and explicit, and not by way of inducement merely.
4. APPEAL AND ERROR—*Demurrer to Declaration—Demurrer to Evi-dence—Reversal with Leave to Amend.*—Where a demurrer to a declaration for misjoinder of counts in tort with counts in assumpsit has been improperly overruled by the trial court, and afterwards a demurrer to the evidence by the defendant and judgment thereon entered for the plaintiff, but it is manifest that all of the counts were intended to be on contract, this court, upon reversal for the error in overruling the demurrer to the declaration, will remand the case to the trial court with

> instructions to sustain the demurrer to the declaration, with liberty to the plaintiff to amend, if so advised, and, if not, to enter final judgment for the defendants on their demurrer to the evidence.

Error to a judgment of the Circuit Court of the city of Richmond is an action of assumpsit. Judgment for the plaintiffs. Defendants assign error.

*Reversed.*

The opinion states the case.

*J. J. Leake* and *Francis L. Smith,* for the plaintiffs in error.

*Allen G. Collins* and *J. B. Welsh,* for the defendant in error.

Whittle, J., delivered the opinion of the Court.

In addition to the common counts in assumpsit, the amended declaration in this case contains a special count, the material averments of which are as follows: That the defendants (who are the plaintiffs in error) were common carriers for hire and reward, and as such, at their own risk and solicitation, received from the plaintiff three carloads of scrap iron and steel, which were consigned by the plaintiff at Richmond, Va., to his own order at Pittsburg, Pa., with direction to notify Kane-Maloney Iron & Steel Co., "and in consideration of the delivery to the said defendants . . . of said iron and steel to be so carried, the said defendants . . . issued three separate . . . bills of lading, . . . and by said . . . bills of lading, undertook, promised and agreed to carry said property to said destination and to require the surrender of said . . . bills of lading properly indorsed before the delivery of said property at destination . . . Yet the said defendants, unmindful of their duty, promise and agreement . . . and disregarding the same, delivered . . . the iron and steel to the said Kane-Maloney Iron and Steel Company, or to some other person,

without the surrender of said  .  .  .  bills of lading properly indorsed; by reason of which disregard of their duty, promise and agreement and such unwarranted delivery of said property, the said plaintiff has been greatly damaged." etc.

There was a demurrer to the amended declaration and each count thereof, which was overruled. Thereupon the trial proceeded and at the close of the evidence the defendants demurred to the evidence, which demurrer the court likewise overruled and rendered judgment against them for the damages conditionally assessed by the jury.

The recovery in the case (if there be a recovery) must be upon the special count, and our observations will therefore be addressed to its sufficiency.

The ground of demurrer chiefly relied on is that while the special count purports to be in assumpsit it is in reality in tort, and consequently cannot be joined with counts in assumpsit. 4 Min. Inst. (3d Ed.) Pt. 1, pages 446, 447; 1 Bar. Law Pr. (2d Ed.), page 304; *Creel* v. *Brown,* 1 Rob. 281; *Hale* v. *Crow,* 9 Gratt. 263; *Cary* v. *Abingdon Pub. Co.,* 94 Va. 775, 27 S. E. 595.

It is a principle of pleading that where a plaintiff is entitled to two modes of redress and elects to waive the tort and sue in assumpsit, he must conform to the rules applicable to that form of action; and it is also an essential requirement in such case that, with the exception of actions founded upon bills of exchange, negotiable notes and other legal liabilities which import a consideration, the declaration must allege both a promise and the consideration upon which it is based. *Winston* v. *Francisco,* 2 Wash. 187; *Cooke* v. *Sims,* 2 Call 39; *Sexton* v. *Holmes,* 3 Munf. 566; *Beverly* v. *Holmes,* 4 Munf. 95; *Moseley* v. *Jones,* 5 Munf. 23; *Woody* v. *Flournoy,* 6 Munf. 506; *Jackson* v. *Jackson,* 10 Leigh 448; see monographic note on "Assupmsit" to *Kennaird* v. *Jones,* 9 Gratt. (Va. R. Ann.), bottom pages 98, 99; *Southern Ry. Co.* v. *Wilcox,* 98 Va. 222, 35 S. E. 355.

Such was the law in Virginia until the adoption of the Code of 1887, and such is still the law as to promises to do a collateral thing, but it is now provided by statute that an action of assumpsit may be maintained upon any note or writing by which there is a promise, undertaking, or obligation to pay money, if the same be signed by the party to be charged thereby, or his agent, and that the rule as to averment and proof of consideration shall be the same as in an action of debt thereon. Virginia Code (1904), section 2852. Hence, when, upon promises to pay money, assumpsit is brought no averment of consideration is necessary in the pleading.

In *Southern Ry. Co.* v. *Wilcox, supra,* it was held that "The want of statement of a consideration for a promise is a capital defect in the declaration, not to be supplied by intendment."

"A mere averment of a promise or the use of the words 'undertook' or 'agreed' does not constitute the declaration a declaration on contract. It is necessary to allege not only a promise or undertaking, but also a consideration therefor." 3 Ency. Pl. & Pr. 822, citing *Smith* v. *Seward,* 3 Pa. St. 342; *Corbett* v. *Packington,* 6 B. & C. 268 (13 E. C. L. 170).

In *Smith* v. *Seward, supra,* the court said: "The law on the subject has been put on satisfactory ground by making the presence of an averment not of promise only, but of consideration also, the criterion; for it is impossible to conceive of a promise without a consideration, any more than a consideration without a promise, as an available cause of action; and when a consideration is not laid the word 'agreed,' or 'undertook,' or even the more formal word 'promised' must be treated as no more than inducement to the duty imposed by the common law."

The similarity of the declaration in the two cases renders the foregoing observations the more pertinent. In the Pennsylvania case the declaration averred "an undertaking in consideration that the public should be conveyed by means of defendant's ferry, and for hire to receive and safely to convey,

.and that plaintiff learning said offer, did use the ferry and .commit his horses to defendant, in consideration of an under-taking to convey, and that through the carelessness of defendant the horses were lost." This was held to be a declaration in tort.

So "A complaint in an action against a common carrier alleging in general terms a breach of contract to carry safely certain articles of freight, but further alleging, particularly and spe-.cifically, that the defendant so negligently and carelessly conducted in regard to the same that they were greatly damaged, states a cause of action in tort." · *Bowers v. Richmond, etc., R. Co.*, 107 N. C. 721, 12 S. E. 452; 3 Ency. Pl. & Pr. 822, notes. See also *Whitington Mfg. Co. v. M. & O. R. P. Co.* (C. C.), 21 Fed. 901; Angell on Carriers, section 439; Hutchinson on Carriers, sections 744, 749.

"So also if the plaintiff declares on a promise in writing, not under seal, to do some other thing than pay money, unless in this case the consideration is stated, the declaration will be .defective." 1 Bar. L. Pr. (2d Ed.) page 314; 4. Min. Inst. .(3d Ed.) Pt. 1, page 697.

It is true that the special count in general terms designates the defendants as "common carriers for hire and reward," and .avers that as such at their own risk and solicitation they "received" the junk in question "to be so carried"; but that was merely by way of recital and does not constitute a sufficient statement of a consideration to support the defendants' prom-·ises. The averment must be direct and explicit, and not by way .of inducement or preamble only. *Davisson v. Ford*, 23 W. Va. .617; *Sexton v. Holmes, supra.*

For these reasons we are of opinion that the Circuit Court ·erred in overruling the demurrer to the special count of the ·amended declaration.

The judgment on the demurrer to the evidence must, there-fore, be set aside and the judgment overruling the demurrer to the special count reversed. And it being apparent that it

was intended that the special count should be a count in assumpsit and not in tort, but that, as a count in assumpsit, it is amenable to the objections indicated in this opinion, the case upon the authority of *Creel* v. *Brown* and *Hale* v. *Crow, supra,* must be remanded to the Circuit Court with instructions to sustain the defendants' demurrer to the declaration.   But if the plaintiff shall apply for leave to amend the same under the circumstances of the case the Circuit Court shall allow such amendment; and if the declaration be amended such further proceedings shall be had as may be proper, on the present and any other pleadings that may be offered by either party and admitted by the court.   Otherwise final judgment shall be rendered for the defendants on the demurrer.

*Reversed.*