# CIRCUIT COURT OF THE CITY OF RICHMOND

Kathy Lee,
f/k/a Kathy Lee Douglas

v.

H. Thompson Mann et al.

April 5, 2000

Case No. LE-424-1

BY JUDGE MELVIN R. HUGHES, JR.

The plaintiff has asked the court to reconsider the ruling made in October finding misjoinder of the defendants.

Briefly, plaintiff has brought claims against the defendants, a doctor and pharmaceutical manufacturer, for injuries received from the use of a diet drug. The doctor defendant prescribed the drug. The manufacturer produced the drug for sale in the marketplace.

Plaintiff asserts, *inter alia*, that the defendants are joint tortfeasors whose actions brought about a single indivisible injury. Defendants assert that they are misjoined because any liability that may be found against either would not be a basis for liability as to the other. Essentially, the claim against the doctor is for medical malpractice in prescribing the drug. The claim against the manufacturer is for products liability where the claims are founded upon negligence, failure to warn, breach of express and implied warranty, etc.

Both sides rely on *Fox v. Deese*, 234 Va. 412 (1987). There, the court dealt with questions of misjoinder of the parties defendant and causes of actions. The court said:

> In *Norfolk Bus Term.*, we stated that "under our system of pleading, unless the acts of independent tortfeasors concur in producing a single

indivisible injury or damage, they may not be sued jointly in a single action."

*Norfolk Bus Term.*, however, was decided before the 1954 enactment of Code § 8.01-272 and before the 1974 enactment of Code § 8.01-281. Code § 8.01-272 provides in pertinent part: "In any civil action, a party may plead as many matters, whether of law or fact, as he shall think necessary. A party may join a claim in tort with one in contract provided that all claims so joined arise out of the same transaction or occurrence. The court, in its discretion, may order a separate trial for any claim."

Code § 8.01-281 provides in pertinent part: "A. A party asserting ... a claim ... may plead alternative facts and theories of recovery against alternative parties, provided that such claims ... so joined arise out of the same transaction or occurrence .... B. The court may, upon motion of any party, order a separate trial of any claim ... and of any separate issue or of any number of such claims ...."

In addition, Rule 1:4(k) provides in pertinent part: "A party asserting ... a claim ... may plead alternative facts and theories of recovery against alternative parties, provided that such claims ... arise out of the same transaction or occurrence. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims ... as he has regardless of consistency and whether based on legal or equitable grounds."

The foregoing statutes and rule represent a radical departure from the common-law pleading rule stated in *Norfolk Bus Term.*

*Id.* at 422-23 (alterations in original) (*quoting Norfolk Bus Term. v. Sheldon*, 188 Va. 288, 296 (1948) (internal citation omitted), *and citing Tanner v. Culpeper C. Co.*, 117 Va. 154 (1915); *McMullin v. Church*, 82 Va. 501 (1886)).

Here, the facts alleged causing injury do not arise out of the "same transaction or occurrence." The court will adhere to the prior ruling.